**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**AVANZA CAPITAL HOLDINGS, LLC,**

Plaintiff,

-against-

**HIHR MANAGEMENT LLC D/B/A VIMHR GROUP and SCOTT FLECKENSTEIN,**

Defendants.

---

**Case No.** 26-5352

**VERIFIED COMPLAINT**

AVANZA CAPITAL HOLDINGS, LLC, (hereinafter referred to as the "Plaintiff"), by and through its attorneys, **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.,** for its complaint against Defendants, respectfully alleges, as follows:

## NATURE OF THE ACTION

1: This action arises from a Standard Merchant Cash Advance Agreement dated July 24, 2026, under which Avanza paid HIHR Management LLC ("HIHR" and/or "Merchant") a purchase price of $200,000.00 in exchange for 25% of HIHR's future receivables until Avanza received the purchased amount of $297,980.00.

2: Scott Fleckenstein executed the Agreement for HIHR and separately executed a personal guaranty of HIHR's performance.

3: After accepting Avanza's performance and making only limited remittances, HIHR caused or permitted Avanza's authorized ACH debits to cease, failed to deliver Avanza's purchased percentage of receivables, and failed to provide a contractual basis or supporting records for doing so.

4: Avanza's account ledger reflects net remittances of $18,573.25 and a contractual

balance of $280,081.75 as of August 26, 2026, inclusive of ledgered contractual charges and exclusive of additional contractual interest, reasonable attorneys' fees, costs, and other recoverable charges accruing thereafter.

5: Avanza does not predicate its claims merely on a decline or cessation of HIHR's business. Its claims arise from breaches of HIHR's affirmative covenants, including interference with authorized remittances and, upon information and belief, the undisclosed sale or transfer of the business while Avanza's purchased receivables remained outstanding.

## THE PARTIES

6: Plaintiff is, and at all times hereinafter mentioned, a domestic limited liability company organized and existing under the laws of the State of New York, that is authorized to do business in the State of New York, with its principal place of business located at 900 South Avenue, Suite 404, Staten Island, New York 10314. Its members, and the citizenship of each member, are Frank Scarso of New York.

7: Upon information and belief, HIHR MANAGEMENT LLC D/B/A VIMHR GROUP (Hereinafter referred to as “Merchant” or “HIHR”) is a limited liability company organized under the laws of Arizona, with its principal place of business at 20734 East Sunset Drive, Queen Creek, Arizona 85142. Upon information and belief, Fleckenstein is HIHR's sole member; accordingly, HIHR is a citizen of Arizona.

8: Scott Fleckenstein (Hereinafter referred to as “Guarantor”) is an individual domiciled in Arizona with an address of 20734 East Sunset Drive, Queen Creek, Arizona 85142.

## JURISDICTION and VENUE

9: This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between Avanza and each Defendant.

10: This Court has personal jurisdiction over Defendants because the Agreement and Guaranty was made in New York, the purchase price was paid from New York, the purchased receivables were to be delivered to Avanza in New York, and Defendants expressly submitted to jurisdiction in specified New York courts.

11: Venue is proper in this District under 28 U.S.C. § 1391(b) and the parties' contractual forum-selection provisions. Section 40 of the Agreement and Section G7 of the Guaranty require litigation to be commenced and maintained in a court located in, among other places, Kings or Nassau County, both within the Eastern District of New York, and Defendants waived objections to jurisdiction and venue in those forums.

12: The Agreement and Guaranty are governed by New York law and contain contractual jury waivers.

## RELEVANT FACTS

13: This action is brought to recover (i) the outstanding sum of $280,081.75, plus interest conti), ( to accrue at 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), or the maximum rate permitted by applicable law if less, and upon entry of any such judgment, it will accrue interest at a post judgment rate of 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), (the "Default Rate") from August 26, 2026, through and including the date of entry of judgment, plus reasonable attorneys' fees, costs and expenses due to the Plaintiff from the Merchant and Guarantor pursuant to their breach of the agreement and Personal Guaranty (as hereinafter defined); and, (ii) that the Merchant granted to

Plaintiff through a first priority security interest in the accounts receivables of HIHR MANAGEMENT LLC.

**A. <u>The Agreement and Security Interest</u>**

14: On or about July 17, 2026, Defendants entered into an agreement (Hereinafter referred to as the "Agreement") with Plaintiff whereby the Plaintiff agreed to purchase all rights to the Merchant's future receivables. The parties agreed upon value of $297,000.00 **a true and correct copy of the Agreement is annexed hereto as Exhibit "1".**

15: Pursuant to the Agreement, Merchant agreed to remit to Plaintiff 25% ("Specified Percentage") of their receivables until the purchased amount was paid in full. Merchant authorized Plaintiff to make ACH withdrawals from a bank account approved by Plaintiff for the specified percentage of receivables until $297,800.00 ("Purchased Amount") was paid in full to Plaintiff. Said ACH withdrawals were a good faith estimate of the Specified Percentage of the Company Defendants' receivables at the time the Agreement was entered into.

16: On or around July 24, 2026, Guarantor executed a written Irrevocable Guaranty (the "Personal Guaranty") whereby he guaranteed the payment and performance of all of Merchant's existing and future obligations to Plaintiff. ***See* Exhibit "1" ¶ "G1".**

17: Plaintiff remitted the Purchase Price for the future receivables to Merchant as agreed. Initially, Merchant satisfied its obligations under the agreement.

18: Merchant ceased remitting to Plaintiff the Plaintiff's share of Purchased Receivables and otherwise breached the Agreement by intentionally hindering and inhibiting Plaintiff from receiving the Specific Percentage of Merchants' receivables, while conducting regular business operations and collecting revenue.

19: Merchant remitted $26,073.25 of the receivables purchased by Plaintiff, leaving a

balance of unremitted receivables in the amount of $272,581.75. Additionally, pursuant to the agreement, Merchant incurred Default Fees in the amount of $5,000.00 and a Blocked Account Fee in the amount of $2,500.00 for a total amount of $280,081.75 plus reasonable attorney's fees. **A copy of the Pay History is annexed hereto as Exhibit "2".**

20: As part of the terms and conditions set forth in the agreement, Merchant granted Plaintiff a security interest in the accounts receivables.

21: Pursuant to paragraph "33" of the Agreement, as security for payment in full of Merchant's indebtedness, Merchant granted Plaintiff a security interest defined as follows:

> (33) **<u>Grant of Security Interest:</u>** To secure each Merchant's performance obligations to AVANZA under this Agreement and any future agreement with AVANZA, each Merchant hereby grants to AVANZA a security interest in collateral (the "Collateral"), that is defined as collectively: (a) all accounts, including without limitation, all deposit accounts, accounts-receivable, and other receivables, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are defined by Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by any Merchant; and (b) all proceeds, as that term is defined by Article 9 of the UCC. The parties acknowledge and agree that any security interest granted to AVANZA under any other agreement between any Merchant

***See* Exhibit "1" ¶ "33".**

22: Pursuant to the Agreement, upon an event of default, interest shall be chargeable with interest computed at 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), or the maximum rate permitted by applicable law if less, and upon entry of any such judgment, it will accrue interest at a post judgment rate of 24% per annum (or 16% per annum if any Merchant is a sole proprietorship), and added to the then balance due on the Agreement. ***See* Exhibit "1" ¶ "45".**

23: Pursuant to the provisions of the Agreement, the Merchant agreed to pay all expenses including all of the Plaintiff's reasonable attorneys' fees and costs incurred in collecting the Agreement and the Collateral. ***See* Exhibit "1" ¶ "44" and "46".**

**B. <u>The Guaranty</u>**

24: On or about July 24, 2026, as consideration for and to induce the Plaintiff to extend the Agreement to the Merchant, the Guarantor executed a Guaranty know as the Personal Guaranty. ***See* Exhibit "1" "Personal Guaranty".**

25: Pursuant to the provisions of the Guaranty, the Guarantor "hereby guarantees each Merchant's performance of all of the representations, warranties, and covenants made by each Merchant to AVANZA in the Agreement, inclusive of all addenda, if any, executed simultaneously herewith, as the Agreement may be renewed, amended, extended, or otherwise modified (the "Guaranteed Obligations"). Each Guarantor's obligations are due at the time of any breach by any Merchant of any representation, warranty, or covenant made by any Merchant in the Agreement." ***See* Exhibit "1" "Personal Guaranty".**

26: As a result of the Merchant's default under the Agreement, the Guarantor is liable with the Merchant to the Plaintiff for the outstanding amounts due thereunder.

**C. <u>Merchant's Breach of the Agreement</u>**

27: On or about August 26, 2026, the Merchant defaulted under the Agreement, by failing to adhere to its contractual obligations including failure to remit the agreed upon payments pursuant to the terms thereunder. ***See* Exhibit"2".**

28: Upon default, Plaintiff was granted the following protections concerning the Collateral:

> Each Merchant agrees to execute any documents or take any action in connection with this Agreement as AVANZA deems necessary to perfect or maintain AVANZA's first priority security interest in the Collateral and the Cross-Collateral, including the execution of any account control agreements. Each Merchant hereby authorizes AVANZA to file any financing statements deemed necessary by AVANZA to perfect or maintain AVANZA's security interest, which financing statements may contain notification that each Merchant has granted a negative pledge to AVANZA with respect to the Collateral and the Cross-Collateral, and that any subsequent lienor may be tortiously interfering with AVANZA's rights. Each Merchant shall be liable for and AVANZA may charge and collect all costs and expenses, including but not limited to attorney fees,

which may be incurred by AVANZA in protecting, preserving, and enforcing AVANZA's security interest and rights.
**See Exhibit "1" ¶ "33".**

29: Despite due demand, Merchant has failed to remit the purchased amount due and owing by Merchant to Plaintiff under the Agreement

30: There remains a balance due and owing to Plaintiff on the Agreement in the amount of $280,081.75 plus interest, costs, and disbursements.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST MERCHANT**
**(Breach of the Agreement)**

31: The Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs numbered "1" through "30" as if fully set forth at length herein.

32: The Agreement constitutes a valid and enforceable agreement.

33: The Plaintiff has fully complied with and fully performed all of its obligations under the Agreement.

34: As set forth above, the Merchant has breached the Agreement, by, *inter alia* failing to remit the required share of the Future Receivables to Plaintiff thereunder, as set for above, consequently, intentionally impeding and preventing Plaintiff from receiving the proceeds of the receivables purchased by them.

35: Upon information and belief, Merchant is still conducting regular business operations and still collecting receivables.

36: Pursuant to the Agreement, the Merchant agreed to pay reasonable attorney's fees in the event of a default and if collection of the balance is placed with an attorney. ***See* Exhibit "1" ¶ "46".**

37: As a result of the foregoing, the Merchant is indebted to the Plaintiff in the

total amount of $280,081.75, plus interest continuing to accrue at the Default Rate from August 26, 2026 through and including the date of entry of judgment, together with reasonable and actual attorney's fees, late charges, and the costs and expenses of this Action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST SCOTT FLECKENSTEIN**
**(Breach of Personal Guaranty)**

38: Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs numbered "1" through "37", inclusive, as if fully set forth herein.

39: The Personal Guaranty is a valid and enforceable agreement.

40: The Guarantor guaranteed to the Plaintiff, absolutely and unconditionally, The payment of any and all indebtedness, direct or indirect, absolute or contingent which may now be in existence or own from, or hereafter arising, under the Agreement.

41: Merchant has defaulted under the terms and conditions of the Agreement by failing to remit certain payments to the Plaintiff, despite due demand for same made by Plaintiff.

42. As a result, the Guarantor is jointly and severally liable with the Merchant to the Plaintiff under the Loan and the Personal Guaranty in the sum of $280,081.75, plus interest continuing to accrue at the Default Rate from August 26, 2026 through and including the date of entry judgment, plus reasonable and actual attorney's fees, costs and expenses of this Action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST THE MERCHANT**
**(Unjust Enrichment)**

43: Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs numbered "1" through "42", inclusive, as if fully set forth herein.

44: The Merchant utilized the funds pursuant to the terms of the Secured Note.

45: The Plaintiff has made demand for the re-payment, but re-payment has not been made.

46: As a result of the foregoing, the Merchant has been unjustly enriched at the expense of the Plaintiff's in the amount of $280,081.75.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(Attorney's Fees)**

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs numbered "1" through "46", inclusive, as if fully set forth herein.

48. In accordance therewith, the Defendants are obligated to pay reasonable attorney's fee's incurred in the collection of the unpaid balance.

**PRAYER FOR RELIEF**

**WHEREFORE,** Avanza respectfully requests judgment:

A. On Count I and Count III, against HIHR Management LLC, in the amount of $280,081.75;

B. On Count II, jointly and severally against Scott Fleckenstein and HIHR Management LLC, in the amount of $280,081.75, without double recovery;

C. On Count IV, jointly and severally against Scott Fleckenstein and HIHR Management LLC, in the amount of $280,081.75

D. Awarding prejudgment interest at the contractual rate or, if the contractual rate is not enforced, at the rate provided by New York law, from the applicable date of breach;

E. Awarding reasonable attorneys' fees, costs, and disbursements as provided by the Agreement and Guaranty;

F. Awarding post-judgment interest under 28 U.S.C. § 1961; and

G. Granting such other and further contractual, legal, or equitable relief as the Court deems just and proper.

Dated: August 31, 2026
New York, New York

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: /s/ Anthony C. Varbero

Anthony C. Varbero, Esq. (AV8833)
233 Broadway, Suite 2120
New York, NY 10279
Tel.: (212) 226-4026
Fax: (212) 226-4027
Email: anthony.varbero@qpwblaw.com
Attorneys for Plaintiff

**VERIFICATION**

I, Frank Scarso, declare as follows:

1. I am the Managing Member of Avanza Capital Holdings LLC and am authorized to make this verification on its behalf.

2. I have reviewed the foregoing Verified Complaint and the business records referenced in it.

3. The factual allegations concerning Avanza's acts, Agreement, payment records, and account balance are true to my knowledge. The remaining allegations are true to the best of my knowledge, information, and belief.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 28, 2026, at Richmond County, New York.

Frank Scarso
Managing Member, Avanza Capital Holdings LLC